## JOHN IVERSON v. FARMERS ELEVATOR COMPANY OF GEORGETOWN.[1]

### May 21, 1920.

### No. 21,774.

**Bailment.**

Action for loss of millet seed stored in defendant's elevator. Finding of trial court in favor of plaintiff for a smaller amount than that claimed. *Held*: The evidence does not conclusively establish the contentions of defendant that the seed had an inherent defect which caused it to heat and spoil in spite of defendant's efforts to save it, that defendant was not guilty of negligence, was a gratuitous bailee and not required to exercise as high a degree of care as it did exercise. [Reporter.]

Action in the district court for Clay county to recover $103.50 for the loss of millet seed while stored in defendant's elevator. The answer among other matters alleged that the seed was left with defendant at plaintiff's risk; that the elevator company issued no warehouse receipt therefor nor made any charges and assumed no responsibility in connection therewith. The case was tried before Johnson, J., who made findings

[1] Reported in 177 N. W. 924.

and ordered judgment for $69.24. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*Charles S. Marden,* for respondent.

PER CURIAM.

In October, 1912, plaintiff delivered 103½ bushels of millet seed to defendant for storage in its elevator. The millet seed spoiled while in the elevator and was a total loss. Plaintiff sued for its value and the court found that he was entitled to recover the sum of $69.24. Defendant appealed from an order denying a new trial.

Defendant contends: (1) That the millet seed was wet when deposited in the elevator and that this was an inherent defect which caused it to heat and spoil in spite of defendant's efforts to save it; (2) that defendant was not guilty of any negligence but exercised due and proper care to dry out the seed and preserve it; and (3) that defendant was a gratuitous bailee and was not required to exercise as high a degree of care as it in fact exercised.

The evidence does not conclusively establish any of these contentions and we find no ground for disturbing the conclusion reached by the trial court.

Order affirmed.